UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HEARTLAND TRADEMARKS, LTD.,

          Plaintiff,

vs.

TRISH JONES, d/b/a FLAX SHACK,

          Defendant.

---

**PERMANENT INJUNCTION**

Civil No.: 03-CV-1066

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAY 6 2005
AT____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

Plaintiff Heartland Trademarks, Ltd.'s ("Heartland") Summons and Complaint having been properly served on defendant Trish Jones on December 9, 2003 as specifically described by the proof of service attached to the March 29, 2004 Affidavit of Neal L. Slifkin in Support of plaintiff's Request For Entry of Default; the defendant not having responded to the Summons and Complaint; the time for responding to the Summons and Complaint having expired; the Clerk of this Court having noted and entered the default of defendant Trish Jones on April 13, 2004;

    ORDERED, ADJUDGED AND DECREED that defendant has

        a.    Willfully infringed and violated plaintiff's exclusive rights in the FLAX trademark by defendant's use and operation of a retail clothing business under the trade name "Flax Shack";

        b.    Unfairly competed with plaintiff;

        c.    Diluted the distinctive quality and uniqueness of plaintiff's FLAX trademark;

  d. Injured plaintiff's business reputation;

  e. Engaged in deceptive trade practices in the conduct of her business in violation of plaintiff's exclusive rights in the FLAX trademark; and

  f. Made false designations of origin and false and misleading representations as to defendant's services; all in violation of federal, state and common law as alleged, and it is further

ORDERED, ADJUDGED AND DECREED that defendant and all those acting in concert or participation with her, including her officers, directors, principals, agents, servants, affiliates, employees, attorneys, representatives, successors and assigns, are hereby PERMANENTLY ENJOINED and restricted from directly or indirectly:

  a) using in any manner, or holding herself as having rights to use the FLAX trademark, or any other name, mark or designation confusingly similar to plaintiff's FLAX trademark to identify, designate, describe or refer to itself;

  b) using the FLAX trademark to render, offer, sell, advertise or promote any services;

  c) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to cause confusion, mistake, or to deceive, or otherwise mislead the trade or public into falsely believing that plaintiff and defendant are one and the same or that there is an affiliation or relationship between plaintiff and defendant or the products or services they offer;

  d) engaging in any other activity constituting unfair competition with plaintiff, or constituting infringement of plaintiff's trademark, or constituting deceptive

trade practices, or constituting dilution of the FLAX trademark, or of plaintiff's reputation, or goodwill; and it is further

ORDERED, that service of this Order may be made upon defendant Trish Jones by service pursuant to the provisions of Rule 4 of the Federal Rules of Civil Procedure.

Dated: New York, New York
May 6, 2005

_____
Hon. Norman A. Mordue, U.S.D.J.

L:\YA\Heartland Trademarks, Ltd\heartland-jones--order1.doc